IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NADINE WESSON                                                    PLAINTIFF

vs.                                Civil No. 4:08-cv-04012

MICHAEL J. ASTRUE                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Nadine Wesson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on March 16, 2004. (Tr. 12, 51-53, 224-225). Plaintiff alleged she was disabled due to depression and hearing problems. (Tr. 95). Plaintiff's alleged onset date was June 1, 2001. (Tr. 12, 51, 224). At the administrative hearing, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

claimed she was entitled to a closed period of disability from June 1, 2001, her alleged onset date, through January 3, 2006, the date before she started back to work. (Tr. 235-236). Plaintiff's application were denied initially on August 25, 2004 and were denied again on reconsideration on February 16, 2005. (Tr. 28-31).

On April 7, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 44). This hearing was held on March 28, 2006 in Texarkana, Arkansas. (Tr. 233-256). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Richard Marron testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed the twelfth grade in school. (Tr. 236).

On September 21, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2006. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2001, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mood disorder and anxiety disorder. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-16, Finding 4). At the administrative hearing, Plaintiff claimed she was disabled because she suffered from "crying spells," heard voices, talked

in her sleep, and could not "get up out the bed." (Tr. 241). Based upon this review, the ALJ discounted Plaintiff's subjective complaints:

> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 96-6p.

(Tr. 15).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 12-17). Specifically, the ALJ determined Plaintiff retained " the residual functional capacity to perform simple and repetitive tasks." (Tr. 14, Finding 4). Later in his opinion, the ALJ further explained Plaintiff's RFC as follows:

> [The claimant] has no physical impairments and . . . . has "good" ability to relate to co-workers, interact with supervisors, understand, remember, and carry out simple job instructions, and function independently . . . has "fair" ability to follow work rules, deal with the public, use judgment, deal with stress, maintain attention and concentration, understand, remember and carry out detailed but not complex instructions, maintain personal appearance, behave in an emotional stable manner, relate predictably in social situations, and demonstrate reliability . . . has "poor" ability to understand, remember, and carry out complex instructions.

(Tr. 16)[2].

The ALJ then determined that, with that RFC, Plaintiff retained the ability to perform her Past Relevant Work ("PRW"). (Tr. 14-16, Findings 4-5). The VE testified that Plaintiff's PRW included work as an assembly line packer (light and unskilled), security guard (light and

---

[2] This "RFC Determination" was taken from the ALJ's hypothetical to the VE at the administrative hearing on March 28, 2006. (Tr. 252-256).

3

semiskilled), and assembly line worker (light and unskilled). (Tr. 16). The VE testified that considering Plaintiff's age, education, work history, and RFC, Plaintiff would be able to perform her PRW as an assembly line packer and assembly line worker. (Tr. 16, Finding 5). Based upon this testimony, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from June 1, 2001 through the date of his decision or through September 21, 2006. (Tr. 16, Finding 6).

On October 2, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable determination. (Tr. 4-6). On February 8, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on February 13, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision is not supported by substantial evidence in the record; (B) the ALJ erred by failing to perform the proper analysis when determining Plaintiff did not meet the Listings under 12.00, et. seq for mental retardation; and (C) the ALJ failed to fully develop the record and present a proper hypothetical limited to Plaintiff's closed period of disability.  (Doc. No. 7, Pages 1-13).  In response, Defendant claims that the ALJ followed the correct procedures for evaluating mental impairments, that the ALJ properly considered Plaintiff's subjective complaints and discounted them for legally-sufficient reasons, that the ALJ properly determined Plaintiff retained the RFC to perform her PRW, and that the ALJ fully and fairly developed the record.  (Doc. No. 8, Pages 1-10).  Because the ALJ erred in evaluating Plaintiff's subjective complaints and in evaluating her mental impairments, this Court finds this case must be reversed and remanded.

**A. Subjective Complaints**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ essentially performed no *Polaski* analysis. The ALJ did not examine the factors and did not state inconsistencies between Plaintiff's claims and the record as required by *Polaski*. *See id.* In fact, the ALJ did not even mention the factors from *Polaski* or the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 12-17). The ALJ merely evaluated part of Plaintiff's testimony, some of the medical records, and then discounted her subjective

complaints based upon a few inconsistencies in the record that were totally unrelated to a *Polaski* analysis. *See id.* Such an analysis is insufficient. On remand, the ALJ is required to fully evaluate Plaintiff's subjective complaints in accordance with the standard set forth above.

### B. Psychiatric Review Technique Analysis

Pursuant to the Social Security Regulations ("SSRs"), an ALJ is required to conduct a psychiatric review technique analysis when the claimant suffers from a severe mental impairment. *See* 20 C.F.R. § 416.920a(a)-(e). This technique involves a determination of whether there is a mental impairment followed by a rating of the degree of functional limitation resulting from the mental impairment. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007). This technique must be conducted at all levels of the application process, including at the ALJ level. *See id. See also* 20 C.F.R. § 416.920a(d)(2). The failure to conduct this analysis is reversible error. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff was found to suffer from two severe mental impairments: mood disorder and anxiety disorder. (Tr. 14, Finding 3). The ALJ, however, did not conduct a psychiatric review technique analysis in his opinion. (Tr. 12-17). Furthermore, there is no evidence that this analysis was even conducted at each level of the review process as required by 20 C.F.R. § 416.920a(a)-(e). Accordingly, this case must be reversed and remanded so that the ALJ can comply with 20 C.F.R. § 416.920a(a)-(e).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 24th day of December, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE